IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv246

| | |
|---|---|
| OUTER BANKS BEACH CLUB ASSOCIATION, INC, and OUTER BANKS BEACH CLUB II OWNER'S ASSOCIATION, INC., )<br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>FESTIVA RESORTS ADVENTURE CLUB MEMBER'S ASSOCIATION, INC., et al., )<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Defendants' Motion to Dismiss [# 13]. Plaintiffs brought this action against Defendants asserting various claims related to the alleged failure of Defendants to pay maintenance fees associated with timeshare condominium developments in the Outer Banks of North Carolina. Defendants move to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the motion [# 13].

## I. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.

____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not

only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

**II.     Background**

Plaintiffs are non-profit membership associations who operate as condominium associations for timeshare condominium developments located on the Outer Banks of North Carolina. (Pls.' Compl. ¶ 2.) The members of these associations are all owners of timeshares in the condominium developments and are responsible for the payment of maintenance fees to Plaintiffs as set forth in the condominium declarations. (Id.) Plaintiffs use the fees to perform their responsibilities to the members of the associations. (Id.)

Defendant Festiva Development Group, LLC ("Festiva") is a Nevada limited liability company that developed the Festiva Resorts Adventure Club (the "Club"), and it is the owner of all unsold "points" associated with unsold timeshare interests. (Id. ¶¶ 3, 6.) Defendant Festiva Resorts Adventure Club Members Association, Inc. ("Members Association") is a South Carolina corporation responsible for operating the Club. (Id. ¶ 4.) Defendant Festiva controls the

Members Association. (Id. ¶ 3.) Defendants Festiva and the Members Association both operate and administer the Club. (Id. ¶ 18.)

The Complaint alleges that Defendant Festiva was obligated to pay fees to Defendant Members Association for all unsold points, who, in turn, would pay maintenance fees to Plaintiffs. (Id. ¶¶ 6, 20.) Pursuant to the terms of the Condominium Declaration, one or more of the Defendants was contractually obligated to pay the maintenance fees to Plaintiffs. (Id. ¶ 13.) Upon the sale of points by Defendant Festiva, however, the obligation to pay the maintenance fees to Defendant Members Association, becomes the obligation of the buyer. (Id. ¶ 20.)

In order to avoid their obligation to pay maintenance fees to Plaintiffs, Defendants Festiva and Members Association deleted timeshare interests and the associated points from the Club by transferring them to Defendant Interval Assets, Inc. ("Interval Assets"), a Nevada Corporation. (Id. ¶¶ 5, 7, 10.) Defendants have not paid the maintenance fees, which Plaintiffs allege they are owned under the terms of the Condominium Declaration. (Id. ¶¶ 13-14.) Plaintiffs also contend that the deletion from the Club of timeshare interests and the points through the transfer to Defendant Interval Assets was a fraudulent transaction. (Id. ¶¶ 21, 26.) Plaintiffs then brought this action for breach of contract, fraudulent conveyance,

illegal abandonment, conspiracy to commit fraud, and RICO. Defendants move to dismiss the Complaint in its entirety. Defendants' motion is now properly before this Court for a Memorandum and Recommendation to the District Court.

**III    Analysis**

**A.    The Breach of Contract Claim**

To state a claim for breach of contract under North Carolina law, a Plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that the defendant breached one or more terms of this contract; (3) facts constituting the breach; and (3) damages resulting from the breach. Claggett v. Wake Forest University, 486 S.E.2d 443, 446 (N.C. Ct. App. 1997); Morgan's Ferry Prods., LLC v. Rudd, F. App'x 111, 112 (4th Cir. 2011) (unpublished); Sirsi Corp. v. Craven-Pamlico-Carteret Reg'l Library Sys., 815 F. Supp. 2d 931, 933 (E.D.N.C. 2011); Cobra Capital, LLC v. RF Nitro Commc'ns, Inc., 266 F. Supp. 2d 432, 437 (M.D.N.C. 2003).

Although Plaintiffs could have pled the breach of contract claim more artfully, the Complaint contains sufficient factual allegations to state such a claim. The Complaint alleges that Defendants and Plaintiffs were parties to the Condominium Declaration, which required payments of maintenance fees to Plaintiffs by one or more of the Defendants. (Pl.'s Compl. ¶¶ 13-14.) The

Complaint further alleges that Defendants breach this agreement by failing to pay the maintenance fee, resulting in damages to Plaintiffs. (Id. ¶¶ 14-16.) This is all that is required to state a claim for breach of contract under North Carolina law. See Claggett, 486 S.E.2d at 446. The Court, therefore, **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to Count One.

**B.     The Third Party Beneficiary Breach of Contract Claim**

In order to maintain a cause of action for third party beneficiary breach of contract against Defendants, Plaintiffs must allege facts demonstrating: (1) the existence of a contract between Defendants; (2) that the contract was valid and enforceable; and (3) that the Defendants entered into this contract for the direct benefit of Plaintiffs, not for Plaintiffs' incidental benefit. Kennedy v. Polumbo, 704 S.E.2d 916, 921-22 (N.C. Ct. App. 2011); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 13 (N.C. Ct. App. 2009). " A person is a direct beneficiary of the contract if the contracting parties intended to confer a legally enforceable benefit on that person. It is not enough that the contract, in fact, benefits the third party, if, when the contract was made, the contracting parties did not intend it to benefit the third party directly." Hospira, 671 S.E.2d at 13 (internal quotations and citations omitted); see also Revels v. Miss Am. Org., 641 S.E.2d 721, 723 (N.C. Ct. App. 2007).

The Complaint fails to contain factual allegations supporting each of the elements of a third party beneficiary breach of contract claim. For example, the Complaint is devoid of any factual allegations that Defendants entered into any contract for the <u>direct</u> benefit of Plaintiffs, as required to state a claim for third party beneficiary breach of contract. <u>See</u> <u>Kennedy</u>, 704 S.E.2d at 921-22; <u>Hospira</u>, 671 S.E.2d at 13; <u>Revels</u>, 641 S.E.2d at 723. The fact that an agreement between Defendants might have had an incidental benefit to Plaintiffs is irrelevant; Plaintiffs must allege facts suggesting that at the time Defendants entered into the agreement, they intended Plaintiffs to be a <u>direct</u> beneficiary of their agreement. <u>Hospira</u>, 671 S.E.2d at 13; <u>see</u> <u>also Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1964-65; <u>Consumeraffairs.com</u>, 591 F.3d at 256. Because the Complaint contains no such factual allegations, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Two.

### C. The Fraudulent Conveyance Claim

In Count Three, Plaintiffs assert a claim for fraudulent conveyance. North Carolina has adopted a version of the Uniform Fraudulent Transfer Act, known as at the North Carolina Fraudulent Transfer Act. The North Carolina Fraudulent Transfer Act provides that a creditor may challenge a transfer as fraudulent where the transfer is made by a debtor with the "intent to hinder, delay, or defraud any

creditor of the debtor. . . ." N.C. Gen. Stat. § 39-23.4(a). The statute also sets forth a nonexclusive list of factors that the Court may consider is determining whether the debtor had the actual intent to hinder, delay, or defraud the creditor. N.C. Gen. Stat. § 39-23.4(b); N.C. Gen. Stat. § 39-23.4(b) cmt. (5); see also In re Schofield-Johnson, 462 B.R. 539, 542-43 (Bankr. M.D.N.C. 2011). These factors recognize most of the "badges of fraud" traditionally recognized at common law. N.C. Gen. Stat. § 39-23.4(b) cmt. (5); see also BFP v. Resolution Trust Corp., 511 U.S. 531, 540, 114 S. Ct. 1757, 1763 (1994) (discussing roots of the badges of fraud); Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd., 419 F.3d 594, 599-600 (7thCir. 2005) (Posner, J.); In re Sharp Int'l Corp., 403 F.3d 43, 56 (2nd Cir. 2005).

North Carolina Courts have rarely addressed this statute, but the plain language of the statute provides that in order to state a claim for fraudulent conveyance, a plaintiff must, at a minimum, allege: (1) the conveyance of property; (2) by a debtor; (3) made with the intent to hinder, delay, or defraud; (4) a creditor of the debtor. N.C. Gen. Stat. § 39-23.4(b). Moreover, because Plaintiffs' allegations sound in fraud, they are subject to the heightened pleading standard of Rule 9(b) and must plead with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b); Cozzarelli, 549 F.3d at 629; see also In re Sharp, 403 F.3d at

56.

Although the sparse factual allegations in Plaintiffs' Complaint push the limits of a properly pled claim, the Complaint contains sufficient factual allegations to state a claim for fraudulent conveyance. The Complaint alleges that Defendants Festiva and/or Members Association are debtors and engaged in a conveyance of property when they transferred their timeshare interests and points in the Club to Defendant Interval Assets. (Pl.'s Compl. ¶¶ 6-9, 26.) In addition, the Complaint alleges that Defendants Festiva and Members Association conveyed this property to Defendant Interval Assets in order to defraud Plaintiffs, who were creditors of Defendants, by avoiding Defendants' obligation to pay maintenance fees to Plaintiffs. (Id. ¶¶ 6-9, 26.) Finally, although Defendants contend that Plaintiffs must also allege facts supporting one of the thirteen badges of fraud listed in Section 39-23.4(b), Defendants' argument is contradicted by the express language of the statute and the commentary, which explain that the list is a nonexclusive list of factors that the Court may consider when determining whether the debtor acted with the requisite intent; it is not a separate element of the claim. N.C. Gen. Stat. § 39-23.4(b); N.C. Gen. Stat. § 39-23.4(b) cmt. (5). Because the Complaint contains factual allegations supporting each element of a claim for fraudulent conveyance, the Court **RECOMMENDS** that the District Court **DENY**

the Defendants' Motion to Dismiss as to Count Three.

D.     The Illegal Abandonment Claim

In Count Four, Plaintiffs assert a separate claim for illegal abandonment. Specifically, the Complaint alleges that Defendant Festiva illegally abandoned the unsold timeshare interest in the Club and the related points in order to avoid having to pay the maintenance fees to Plaintiffs. (Pls.' Compl. ¶ 31.) As a threshold matter, there are no allegations in the Complaint supporting Plaintiffs' contention that Defendants Festiva or Members Association abandoned any of the time share units that belonged to them. See e.g., State v. B.C. West, 235 S.E.2d 150, 156-57 (N.C. 1977) (explaining that the legal term abandonment does not embrace the sale or conveyance of property). Rather, the Complaint alleges that these Defendants transferred their interests to Defendant Interval Assets. (Id. ¶¶ 7, 20.) Moreover, it does not appear that North Carolina has recognized an illegal abandonment claim as plead by Plaintiffs. Although N.C. Gen. Stat. § 47A-12 may be relevant to addressing Plaintiffs' breach of contract claim and determining whether Defendants owe Plaintiffs unpaid maintenance fees under the terms of the applicable Declarations, see e.g. Dunes South Homeonwers Assoc., Inc. v. First Flight Builders, Inc., 459 S.E.2d 477 (N.C. 1995), Plaintiffs have not provided the Court with any authority for the proposition that N.C. Gen. Stat § 47A-12 creates

the Defendants' Motion to Dismiss as to Count Three.

D.     The Illegal Abandonment Claim

In Count Four, Plaintiffs assert a separate claim for illegal abandonment. Specifically, the Complaint alleges that Defendant Festiva illegally abandoned the unsold timeshare interest in the Club and the related points in order to avoid having to pay the maintenance fees to Plaintiffs. (Pls.' Compl. ¶ 31.) As a threshold matter, there are no allegations in the Complaint supporting Plaintiffs' contention that Defendants Festiva or Members Association abandoned any of the time share units that belonged to them. See e.g., State v. B.C. West, 235 S.E.2d 150, 156-57 (N.C. 1977) (explaining that the legal term abandonment does not embrace the sale or conveyance of property). Rather, the Complaint alleges that these Defendants transferred their interests to Defendant Interval Assets. (Id. ¶¶ 7, 20.) Moreover, it does not appear that North Carolina has recognized an illegal abandonment claim as plead by Plaintiffs. Although N.C. Gen. Stat. § 47A-12 may be relevant to addressing Plaintiffs' breach of contract claim and determining whether Defendants owe Plaintiffs unpaid maintenance fees under the terms of the applicable Declarations, see e.g. Dunes South Homeonwers Assoc., Inc. v. First Flight Builders, Inc., 459 S.E.2d 477 (N.C. 1995), Plaintiffs have not provided the Court with any authority for the proposition that N.C. Gen. Stat § 47A-12 creates

an independent cause of action against a developer where the developer abandons units that belong to it. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Four.

### E. The Conspiracy to Commit Fraud Claim

In order to state a claim for conspiracy to commit fraud, Plaintiffs must allege facts supporting each element of a civil conspiracy claim, which includes: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." In re Fifth Third Bank, 719 S.E.2d 171, 181 (N.C. Ct. App. 2011) (internal citation and quotations omitted); Piraino Bros., LLC v. Atlantic Fin. Grp., Inc., 712 S.E.2d 328, 333 (N.C. Ct. App. 2011); Mace v. Pyatt, 691 S.E.2d 81, 87 (N.C. Ct. App. 2010). In North Carolina, civil conspiracy is not a separate civil action but is premised on the underlying act. Piraino Bros., 712 S.E.2d at 333; Strickland v. Hedrick, 669 S.E.2d 61, 73 (N.C. Ct. App. 2008).

The sole factual allegation contained in Count Five is paragraph thirty-four, which alleges that "Defendants conspired to engage in a complex, deliberate and intentional scheme by which to defeat Plaintiffs' contractual entitlement of Maintenance Fees." (Pls.' Compl. ¶ 34.) This conclusory allegation, even when

considered in tandem with the other factual allegations in the Complaint, is insufficient to state a claim for civil conspiracy. As a threshold matter, the Complaint fails to sufficiently allege an agreement between two or more individuals to do an unlawful act or a lawful act in an unlawful way pursuant to a common scheme. Moreover, the Complaint fails to clearly articulate the underlying act at the heart of the alleged conspiracy, stating only that the Defendants "conspired" to "defeat Plaintiffs' contractual entitlement to Maintenance Fees." Although alleged as a Conspiracy to Commit Fraud, there are no factual allegations in Count Five related to fraud. Put simply, the Complaint does not contain sufficient factual allegations suggesting the required elements of a cause of action for civil conspiracy to commit fraud. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65; Consumeraffairs.com, 591 F.3d at 256. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Five.

F.   **The RICO Claim**

Finally, Plaintiffs assert both federal and state RICO claims in Count Six. RICO provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs

through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "An person injured in his business or property by reason of a violation of section 1962 . . . may sue . . . and shall recover threefold the damages he sustains and the cost of the suit . . . . " 18 U.S.C. § 1964(c).

A civil RICO claim has four essential elements: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." Salinas v. U.S., 522 U.S. 52, 62, 118 S. Ct. 469, 476 (1997); Whitney, Bradley & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (unpublished); Kerby v. Mortgage Funding Corp., 992 F. Supp. 787, 798 (D. Md. 1998). In addition, a plaintiff must plead at least two predicate acts of racketeering forming a pattern of racketeering. American Chiropractic Ass'n Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004); Anderson v. Found. for Advancement, Educ. and Em't of Am. Indians, 155 F.3d 500, 505 (4th Cir. 1998). As the Fourth Circuit has explained, allegations of two predicate acts is not itself sufficient to satisfy the pattern of racketeering element of a civil RICO claim. Anderson, 155 F.3d at 505; Internal Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 154 (4th Cir. 1987). "[A] plaintiff must allege a continuing pattern and a relationship among the defendant's activities showing they had the same or similar purposes." Anderson, 155 F.3d at 505.

In an attempt to state a civil RICO claim, the Complaint contains the following allegation:

> As described above, Defendants have engaged in a complex scheme or schemes involving multiple victims, multiple perpetrators, multiple contracts, and multiple timeshares interest and related Points and obligations.

(Pls.' Compl. ¶ 38.) Such allegations, even considered in concert with the few factual allegations contained elsewhere in the Complaint, are insufficient to state a civil RICO claim. As a threshold matter, the Complaint fails to allege that the conduct at issue was conducted through an enterprise, as defined by 18 U.S.C. § 1961(4). In fact, the Complaint is silent as to even the existence of an enterprise, which is the very basis of a RICO claim.[1] See 18 U.S.C. § 1962. Moreover, the Complaint fails to specifically plead two predicate acts, much less a pattern of racketeering activity as required. See Anderson, 155 F.3d at 505. At most, Plaintiff has alleged a single, limited fraudulent scheme to deprive Plaintiffs of maintenance fees they are due under the terms of an agreement between the parties. As the Fourth Circuit has explained:

---

[1] It is the RICO defendant and not the enterprise that is liable under Section 1962(c). 18 U.S.C.§ 1962(c). To the extent that Plaintiffs contend that one of the corporate defendants is an enterprise within the meaning of RICO, the corporate defendant may not also be found liable as a "person" under Section 1962(c). See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1163 (4th Cir. 1994); Busby v. Crown Supply, Inc., 896 F.2d 833, 840 (4th Cir. 1990); Schofield v. First Commodity Corp. of Boston, 793 F.2d 28, 29-30 (1st Cir. 1986) (collecting cases).

> To allow a "pattern of racketeering" to flow from a single, limited scheme such as this one would undermine Congress's intent that RICO serve as a weapon against ongoing unlawful activities whose scope and persistence pose a special threat to social well-being. The present case does not involve a "pattern of racketeering," but ordinary claims of fraud best left to the state common law of frauds and to well-established federal remedial provisions.

Zepkin, 812 F.2d at 155 (internal quotations and citation omitted); see also Anderson, 155 F.3d at 506.[2] Put simply the factual allegations in the Complaint are insufficient to state a federal civil RICO claim, and the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Six.[3]

---

[2] To the extent that Plaintiffs assert a state RICO claim under N.C. Gen. Stat. § 75D, the claim fails for similar reasons as the Complaint fails to set out two predicate acts or allege facts supporting a claim that the Defendants are engaged in a pattern of racketeering activity. See In re Bostic Constr., Inc., 435 B.R. 46, 67-8 (Bankr. M.D.N.C. 2010); Kaplan v. Prolife Action League of Greensboro, 475 S.E.2d 247, 251 (N.C. Ct. App. 1996).

[3] Finally, the Court notes that Plaintiffs requested in their response brief that the Court allow them leave to amend if the Court determined that the allegations in the Complaint failed to state a claim. Local Rule 7.1(C)(2), however, provides that a party may not include a motion in a responsive brief. "Each motion should be set forth as a separately filed pleading." LCvR 7.1(C)(2). Because there is no motion pending before the Court, there is nothing for this Court to rule on related to allowing Plaintiffs, who had the opportunity to amend as of right in response to the Motion to Dismiss but opted not to, leave to amend their Complaint.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 13]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to Counts Two, Four, Five, and Six and **DENY** the Motion as to Counts One and Three.

Signed: June 17, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).