THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv246

| | |
|---|---|
| OUTER BANKS BEACH CLUB ASSOCIATION, INC. and OUTER BANKS BEACH CLUB II OWNER'S ASSOCIATION, INC., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>FESTIVA RESORTS ADVENTURE CLUB MEMBER'S ASSOCIATION, INC.; INTERVAL ASSETS, INC.; FESTIVA DEVELOPMENT GROUP, LLC, a Nevada limited liability company, and JOHN DOES I-X to be added as appropriate, )<br><br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Joint Motion to Dismiss [Doc. 13]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 20]; and the parties' Objections to the Memorandum and Recommendation [Docs. 21, 22].

**I.    PROCEDURAL BACKGROUND**

The Plaintiffs Outer Banks Beach Club Association, Inc. and Outer Banks Beach Club II Owner's Association, Inc. brought this action on

September 22, 2011 against the Defendants Festiva Resorts Adventure Club Member's Association, Inc., Interval Assets, Inc., Festive Development, Group, LLC, and John Does I-X, asserting various claims arising from the Defendants' alleged failure to pay maintenance fees to the Plaintiffs. [Doc. 1]. The Defendants then jointly moved to dismiss all of the Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 13].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider Defendants' Motion to Dismiss and to submit a recommendation for its disposition. On June 18, 2012, the Magistrate Judge entered a Memorandum and Recommendation recommending that the Defendants' Motion be granted in part and denied in part. [Doc. 20]. Both parties filed Objections to the Memorandum and Recommendation. [Docs. 21, 22]. The parties have responded to each other's Objections. [Docs. 23, 24].

Having been fully briefed, these matters are now ripe for disposition.

## II. STANDARD OF REVIEW

### A. Standard of Review Applicable to Objections to Magistrate Judge's Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Rule 12(b)(6) Standard of Review

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is guided by the Supreme Court's instructions in Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As the Fourth Circuit has noted, "those decisions require that complaints in civil actions be alleged with greater specificity than previously was required." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters, 684 F.3d at 439.

4

To survive a Rule 12(b)(6) motion, "a complaint must state a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937). Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, 127 S.Ct. 1955. As the Fourth Circuit has recently explained:

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

### III. DISCUSSION

#### A. Objections to Recommendation Regarding Substantive Counts

The Defendants object to the Magistrate Judge's recommendation that the Motion to Dismiss be denied with respect to the Plaintiffs' claims for breach of contract (Count One) and fraudulent transfer (Count Three). [Doc.

5

21]. The Plaintiffs object to the Magistrate Judge's recommendation that the Motion be granted as to their third party beneficiary claim (Count Two), their claim for illegal abandonment (Count Four), their claim for conspiracy to commit fraud (Count Five), and their RICO claim (Count Six). [Doc. 22].

In their Objections, the parties largely reiterate the arguments made in their prior pleadings with respect to the Motion to Dismiss. These types of objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. An objection "that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). After a careful review of the Memorandum and Recommendation , the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the parties' Objections and accepts the Magistrate Judge's recommendation that the Motion to Dismiss be denied with respect to Counts One and Three and granted with respect to Counts Two, Four, Five, and Six.

6

**B.   Defendants' Objection Regarding Punitive Damages Demand**

In addition to their Objections to the Magistrate Judge's recommendations regarding the substantive counts of the Complaint, the Defendants object to the Memorandum and Recommendation insofar as it failed to address the Plaintiffs' demand for punitive damages. [Doc. 21 at 10-11]. North Carolina law permits the award of punitive damages "only if the claimant proves that the defendant is liable for compensatory damages" and that an aggravating factor such as fraud, malice, or willful or wanton conduct "was present and was related to the injury for which compensatory damages were awarded." N.C. Gen. Stat. § 1D–15(a); see also Strawbridge v. Sugar Mountain Resort, Inc., 320 F.Supp.2d 425, 435-36 (W.D.N.C. 2004). Of the claims remaining in this case, punitive damages are sought only with respect to their claim for fraudulent conveyance. In support of this claim, the Plaintiffs have alleged that the Defendants engaged in fraudulent conduct. [Complaint, Doc. 1 at ¶ 26]. Having alleged a basis for the award of compensatory damages, and having additionally alleged the aggravating factor of fraud, the Plaintiffs' Complaint states a plausible claim for punitive damages.[1] The Defendants' Motion to Dismiss the Plaintiffs' request for punitive damages is

---

[1] Of course, whether the Plaintiffs will be entitled to an actual award of such damages is an issue which is reserved for another day.

7

therefore denied, and the Defendants' Objection to the Memorandum and Recommendation for failing to address this aspect of the Plaintiffs' Complaint is overruled.

**C.    Plaintiffs' Request for Leave to Amend**

In their Response to the Defendants' Motion to Dismiss, the Plaintiffs requested leave to amend their Complaint in the event that any portion of the Motion is granted.  [Doc. 15 at 22-23].  In the Memorandum and Recommendation, the Magistrate Judge correctly noted that Local Rule 7.1(C)(2) provides that motions cannot be contained in a responsive brief and instead must be filed as separate pleadings. [Doc. 20 at 16 n.3]. Accordingly, the Magistrate Judge declined to address the Plaintiffs' request to amend. [Id. ("Because there is no motion pending before the Court, there is nothing for this Court to rule on related to allowing Plaintiffs....leave to amend their Complaint")].

Failing to heed the Magistrate Judge's sage advice, the Plaintiffs now renew their request to amend, not by the filing of a separate motion, but as part of their Objections to the Memorandum and Recommendation.  [Doc. 22 at 13-14]. While acknowledging the requirements of Local Rule 7.1(C)(2), the Plaintiffs nevertheless urge the Court to exercise its discretion and consider

their request, despite their failure to file a separate motion requesting such relief, "in the interest of judicial economy." [Id. at 13].

The Plaintiffs' request is not well-taken. The Plaintiffs had twenty-one days from the filing of the Defendants' motion to dismiss to file an amended complaint as of right and to address the pleading deficiencies identified by the Defendants in their motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiffs failed to amend their Complaint within the time required. Having failed to amend their pleading and to address the deficiencies identified by the Defendants, the Plaintiffs left the Court with no option but to address the motion to dismiss on its merits. In so doing, the Magistrate Judge engaged in a thorough analysis of each of the Plaintiffs' causes of action. After carefully analyzing each of the Plaintiffs' claims and the factual allegations made in support thereof, the Magistrate Judge issued his recommendation that the Defendants' motion to dismiss be granted in part.

Plaintiffs' request to amend is not only in contravention of the Court's Local Rules but also is an obvious attempt to circumvent the recommendation of the Magistrate Judge regarding the disposition of the Defendants' motion to dismiss. See Googerdy v. N.C. Agric. and Technical State Univ., 386 F.Supp.2d 618, 623 (M.D.N.C. 2005). "To allow the Plaintiffs to amend their

9

Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion . . . ." Bailey v. Polk County, No. 1:10cv264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011) (citation omitted). Moreover, allowing such amendment would "impermissibly place a federal judge in the position of rendering advisory opinions." Id. (citation omitted). The referral of a dispositive motion to the Magistrate Judge for a recommendation as to its disposition is not intended to provide the parties with a advisory ruling on the sufficiency of their pleadings. Rather, it is a mechanism by which the Magistrate Judge can evaluate the merits of a dispositive motion and make recommendations to the District Court regarding its disposition. Once a Magistrate Judge has made a recommendation, the parties must file properly supported objections in order to obtain *de novo* review by the District Court. See Orpiano, 687 F.2d at 47. Plaintiffs' request to amend, however, would render this entire procedure a nullity and "would wreak havoc on the judicial system by adding substantial

delay and undermining the Federal Rules of Civil Procedure." Googerdy, 386 F.Supp.2d at 623. For all of these reasons, the Plaintiffs' request to amend their Complaint is denied.

## V. CONCLUSION

For the reasons stated therein, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the parties' Objections to the Memorandum and Recommendation [Docs. 21, 22] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 20] is **ACCEPTED**; and the Defendants' Joint Motion to Dismiss [Doc. 13] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Dismiss is **GRANTED** with respect to Counts Two, Four, Five, and Six of the Complaint, and these Counts are hereby **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss is **DENIED** with respect to Counts One and Three.

**IT IS FURTHER ORDERED** that the Defendants shall file an Answer to the Plaintiff's Complaint within twenty-one (21) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: September 18, 2012

Martin Reidinger
United States District Judge